UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


LIZBETT GONZALEZ ACUNA,

       *Petitioner*,

v.

                                             Case No. 3:26-cv-1519-JEP-PDB

WARDEN, FLAGLER COUNTY JAIL,
et al.,

       *Respondents*.
_____/

## ORDER

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to provide her with a bond hearing pursuant to 8 U.S.C. § 1226(a) or alternatively, release her. (*See* Doc. 1 at 4). Petitioner, a citizen of Cuba, alleges that she entered the United States in 1995 and was granted parole. (*Id.* at 2; *see* Doc. 1-1 at 4). ICE re-encountered Petitioner in February 2026, following a traffic stop, and detained her. (*See* Doc. 6-1 at 6). At the heart of this case is

whether Petitioner's detention is governed by 8 U.S.C. § 1226(a) or § 1225(b)(2)(A). (*See* Doc. 1 at 2–3).[1]

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the Immigration and Nationality Act ("INA"), concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[2] While

---

[1] The Federal Respondents understand the petition to assert a claim under § 1226(a). (*See* Doc. 6 at 1). Accordingly, this Court construes the petition to assert a claim under that statute. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings.").

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit

the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been initially paroled into the country, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286. (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And she was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, she was "not applying for entry in any literal sense when [he was] detained" following a traffic stop. *Id.* at 1269 (some internal quotation marks omitted). The Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 6 at 1–3).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that her detention without an individualized bond hearing violates the INA.[3] Within

---

to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[3] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

**seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 15, 2026.

 

 

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Lizbett Gonzalez Acuna
Counsel of Record

4